IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
SAVERGLASS, INC.,                        :   Civil Action No. 14-5434
                Plaintiff,            :
                                      :   COMPLAINT FOR
                                      :   PATENT INFRINGEMENT
    v.                                      :
                                      :   **DEMAND FOR JURY**
VITRO PACKAGING, LLC                     :   **TRIAL**
                Defendant.            :
---------------------------------------------------------------x

## Nature of the Action

1.     This is an action for patent infringement arising under Title 35 of the United States Code of the laws of the United States of America, and related state common law claims for misappropriation of property and unfair competition arising under the laws of the State of New York.

## Identification of the Parties

2.     Plaintiff, Saverglass, Inc. ("Saverglass"), is a company organized and existing under the laws of the State of New Jersey in the United States of America and having an address of 107 Spring Street, Suite 210, Ramsey, New Jersey 07446.

3.     Plaintiff is in the glassware products business, including supplying bottles for the beverage industry.

4.     On information and belief, Defendant, Vitro Packaging, LLC (hereinafter "Vitro"), is a corporation organized and existing under the laws of the State of Delaware. Upon information and belief, Vitro is a subsidiary of Vitro, S.A.B. de C.V. of Vitroa, Mexico. At all times relevant hereto, Vitro has been, *inter alia*, importing, using, offering

1

for sale and/or selling packaging materials for beverage items, including bottles, in which alcoholic beverages which it sells are distributed.

5. On information and belief, Vitro operates through various facilities within the United States, including a place of business located at 324 S Service Road, Suite 111, Melville, New York, 11747, through which it conducts substantial business within this judicial district.

### Jurisdiction and Venue

6. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271 and 281. This Court has jurisdiction over this cause of action under 28 U.S.C. §§ 1331 and 1338(a) because the action involves a federal question and Saverglass seeks relief under the Patent Act, including remedies for patent infringement.

7. Upon information and belief, this Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Upon information and belief, Vitro is subject to personal jurisdiction in the State of New York and in this Judicial District. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(c) and 1400(b).

## FACTS

9. United States Patent No. D526,197 ("the '197 Patent") was duly and legally issued on August 8, 2006, and assigned to Saverglass thereafter. The '197 Patent is valid, subsisting and in full force and effect. A true and correct copy of the '197 Patent is appended hereto as Exhibit A.

10. The '197 Patent shows and claims an ornamental design for a bottle that Saverglass refers to as its "Neos" bottle.

11. Saverglass holds all rights, title and interest in and to the '197 Patent.

12. Saverglass has not assigned or licensed any rights to the '197 Patent to Vitro.

13. Upon information and belief, Vitro has imported, used, offered for sale, sold and/or sells, or caused to do the same, products throughout the United States, including this Judicial District, using bottles that infringe the '197 Patent.

## FIRST CAUSE OF ACTION

(Infringement of U.S. Patent No. D526,197 by Vitro)

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-13 of the Complaint as though they were fully set forth herein.

15. This count arises under the patent laws of the United States (i.e., Title 35, United States Code, Section 100 *et seq.*)

16. Upon information and belief, Vitro has imported, used, offered for sale and/or sold, and continues to import, use, offer for sale and/or sell, or caused to do the

same, within the United States certain bottles that infringe the '197 Patent, including but not limited to Vitro's Genesis Bottles ("Vitro's Products").

17. Vitro's importation, use, offer for sale and/or sale of Vitro's Products constitutes infringement of the '197 Patent, in violation of 35 U.S.C. § 271(a).

18. In addition, Vitro was notified of its infringement of the '197 Patent at least as early as February 25, 2013, and possibly earlier.

19. Upon information and belief, despite such knowledge and without authorization from Saverglass, Vitro has supplied Vitro's Products to customers, including Dancing Pines Distillery ("Dancing Pines") which have sold alcoholic beverages contained therein as its own products including, e.g., Dancing Pines' Rum, Cask Rum, Spice, Gin, Bourbon Whiskey, "Chai Liqueur", "Brulée Caramel Liqueur" and "Black Walnut Bourbon Liqueur". Such sales by Vitro's customer constitute direct infringement of the '197 Patent which Vitro is actively and intentionally inducing.

20. Upon information and belief, Vitro has actively and intentionally induced infringement of the '197 Patent, by its importation, use, sales and offers for sale of Vitro's Products in violation of 35 U.S.C. § 271(b).

21. Upon information and belief, Saverglass has suffered irreparable injury from Vitro's infringement of the '197 Patent, which cannot be adequately compensated by monetary damages. Unless Vitro's acts of infringement and inducement of infringement of the '197 Patent are enjoined by the Court pursuant to 35 U.S.C. § 283, Saverglass will continue to suffer irreparable injury.

## SECOND CAUSE OF ACTION

(Unfair Competition)

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-21 of the Complaint as though they were fully set forth herein.

23. This count arises under the common law of the State of New York for unfair competition.

24. Upon information and belief, Vitro's acts as alleged herein were undertaken in bad faith and constitute unfair competition under the common law of the State of New York.

25. As a proximate result of the acts of Vitro as alleged herein, Plaintiff has suffered and continues to suffer damage to its business, goodwill, reputation and profits, while Vitro is benefiting at Plaintiff's expense.

## THIRD CAUSE OF ACTION

(Unfair Business Practices-New York Statutory Law)

26. Saverglass repeats and realleges each and every allegation contained in paragraphs 1-25 of the Complaint as though they were fully set forth herein.

27. This count arises under New York Statutory Law - Unfair Business Practices.

28. Vitro has misrepresented the nature, characteristics and quality of their products by their false claims of inventorship in violation of New York General Business Law § 349 and 350.

29. As a proximate result of the acts of Vitro as alleged herein, Saverglass have suffered and continue to suffer damage to their business, good will, reputation and profits, while Vitro is benefiting at Saverglass' expense.

## Prayer for Relief

WHEREFORE, Plaintiff, Saverglass, Inc., prays for a judgment in its favor and against Vitro Packaging, LLC, as follows:

(a) that the manufacture, importation, use, offer for sale and/or sale of Vitro's Products infringe the '197 Patent;

(b) that Vitro has induced others to sell and use Vitro's Products, and thereby they were intentionally induced to infringe the '197 Patent;

(c) that the Court preliminarily and permanently enjoin Defendant, its affiliated companies, divisions and their officers, directors, agents, servants, employees, dealers and customers, present or prospective, and those in active concert or participation therewith, from offering, manufacturing, importing, installing, using, offering for sale or selling, or inducing others to sell, import, install, use, offer for sale or sell within the United States, Vitro's Products, or other items embodying the subject matter of or otherwise infringing the '197 Patent;

(d) that the Court preliminarily and permanently enjoin Defendant, its affiliated companies and their officers, directors, agents, servants, employees, dealers and customers, present or prospective, and those in active concert or

participation therewith, unfairly competing with Plaintiff in any manner whatsoever;

(e) that the Court require an accounting;

(f) that the Court award Plaintiff monetary damages to compensate Plaintiff for Defendant's infringement of the '197 Patent, pursuant to 35 U.S.C. § 284;

(g) that the Court award Plaintiff additional statutory damages to compensate Plaintiffs for each use and application by Defendant of the designs covered by the respective claim of the '197 Patent to any article of manufacture and for each sale of such article of manufacture by Defendant, pursuant to 35 U.S.C. § 289;

(h) that the Court award Plaintiff monetary damages to compensate Plaintiff for Defendant's acts of state common law unfair competition;

(i) that the Court award prejudgment and post judgment interest and costs to Plaintiff;

(j) that the Court declare this an exceptional case pursuant to 35 U.S.C. § 285 and award Saverglass its attorneys' fees;

(k) that the Court order a recall and destruction of all of Defendant's products that incorporate any design that infringes the '197 Patent, and that Defendant shall report in writing, under oath to the Court, that such delivery and destruction occurred; and

(l) such other and further relief as the Court may deem appropriate.

## Jury Trial Demand

Saverglass hereby demands a trial by jury of this action.

SAVERGLASS, INC.

Dated: <u>September 16, 2014</u>　　　　By: _____
　　　　　　　　　　　　　　　　　　　　Gary Abelev (GA-7934)
　　　　　　　　　　　　　　　　　　　　Paul Ackerman (PA-1538)

　　　　　　　　　　　　　　　　　　　　ANDREWS KURTH, L.L.P.
　　　　　　　　　　　　　　　　　　　　450 Lexington Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　　　　　(212) 850-2881

　　　　　　　　　　　　　　　　　　　　Attorneys for Saverglass, Inc.